UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLLINS BOLINGER,
    Plaintiff,

v.

TRANS UNION, LLC,
a Delaware limited liability company, and
WELLS FARGO BANK, N.A., d/b/a
WELLS FARGO CARD SERVICES,
a foreign corporation,
    Defendants.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, COLLINS BOLINGER, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA**, who, for his Complaint against the Defendants, plead as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (hereinafter "FCRA").

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Emmett County, Michigan.

4. Venue is proper in the Western District of Michigan.

## PARTIES

5. Plaintiff is a natural person residing in Petoskey, Emmett County, Michigan.

6. The Defendants to this lawsuit are:

    a. Trans Union, LLC ("Trans Union") which is a Delaware company that maintains a registered agent in Ingham County, Michigan; and

    b. Wells Fargo Bank, N.A., d/b/a Wells Fargo Card Services ("Wells Fargo") which is a foreign corporation that maintains a registered agent in Richmond, Virginia.

## GENERAL ALLEGATIONS

7. Wells Fargo is reporting its trade line with account number 446540003099**** ("Errant Trade Line") with an inaccurate status of account included in bankruptcy. This is false because the account that is the subject of the Errant Trade Line was discharged in Mr. Bolinger's Chapter 7 Bankruptcy.

8. On August 15, 2014, Mr. Bolinger received a discharge of his debts, including the debt which is the subject of the Errant Trade Line.

9. On August 1, 2017, Mr. Bolinger obtained his credit file and notice Wells Fargo reporting the Errant Trade Line without indicating that the account was discharged in bankruptcy.

10. On or about September 12, 2017, Mr. Bolinger submitted a letter to Trans Union disputing the incorrect account status. In these dispute letters, Mr. Bolinger explained that he filed for Chapter 7 Bankruptcy, received a discharge, and attached the order of discharge. Mr. Bolinger asked Trans Union to report the account as discharged in bankruptcy.

11. Upon information and belief, Trans Union forwarded the consumer disputes to Wells Fargo.

12. On or about September 23, 2017, Mr. Bolinger received Trans Union's investigation results which showed that the Errant Trade Line was updated, but Wells Fargo failed to report the Errant Trade Line as discharged in bankruptcy.

13. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain

from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Trans Union of Mr. Bolinger's consumer dispute to the Errant Trade Line, Wells Fargo negligently failed to conduct a proper reinvestigation of Mr. Bolinger's dispute as required by 15 U.S.C. § 1681s-2(b), and negligently failed to direct Trans Union to correct the status of the Errant Trade Line.

16. Wells Fargo negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b).

17. The Errant Trade Line is inaccurate and creates a misleading impression on Mr. Bolinger's consumer credit file with Trans Union to which it is reporting such trade line.

18. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Mr. Bolinger has suffered damages, mental anguish, suffering, humiliation and embarrassment.

19. Wells Fargo is liable to Mr. Bolinger by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

20. Mr. Bolinger has a private right of action to assert claims against Wells Fargo arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Wells Fargo for damages, costs, interest and attorneys' fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Trans Union that Mr. Bolinger disputed the accuracy of the information it provided, Wells Fargo willfully failed to conduct a proper reinvestigation of Mr. Bolinger's dispute, and willfully failed to direct Trans Union to correct the status of the Errant Trade Line.

23. Wells Fargo willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 U.S.C. § 1681s-2(b).

24. As a direct and proximate cause of Wells Fargo's willful failure to perform its respective duties under the FCRA, Mr. Bolinger has suffered damages, mental anguish, suffering, humiliation and embarrassment.

25. Wells Fargo is liable to Mr. Bolinger for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Bolinger as that term is defined in 15 U.S.C. § 1681a.

28. Such reports contained information about Mr. Bolinger that was false, misleading and inaccurate.

29. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Bolinger in violation of 15 U.S.C. § 1681e(b).

30. After receiving Mr. Bolinger's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

31. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Bolinger has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

32. Trans Union is liable to Mr. Bolinger by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Bolinger as that term is defined in 15 U.S.C. § 1681a.

35. Such reports contained information about Mr. Bolinger that was false, misleading and inaccurate.

36. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Bolinger, in violation of 15 U.S.C. § 1681e(b).

37. After receiving Mr. Bolinger's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

38. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Bolinger has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

39. Trans Union is liable to Mr. Bolinger by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

        Respectfully submitted.

October 17, 2017   /s/ Gary Nitzkin
         GARY D. NITZKIN (P 41155)
         TRAVIS SHACKELFORD P68710
         CARL SCHWARTZ P70335
         CREDIT REPAIR LAWYERS OF AMERICA
         Attorneys for Plaintiff
         22142 West Nine Mile Road
         Southfield, MI 48033
         (248) 353-2882
         Fax (248) 353-4840
         Email – gary@crlam.com